UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BROTHERHOOD OF LOCOMOTIVE
ENGINEERS & TRAINMEN, a Division of the
Rail Conference of the International Brotherhood
of Teamsters,

        **JUDGMENT**
        07 CV 0934 (DLI) (MDG)

     Petitioner,

 -against-

THE LONG ISLAND RAIL ROAD COMPANY,

     Respondent.
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

  On March 24, 2008, the Court entered a Memorandum and Order denying respondent's ("LIRR") motion to dismiss and granting the petition of Brotherhood of Locomotive Engineers and Trainmen ("Brotherhood") to enforce Award No. 2 of Public Law Board No. 6846, pursuant to the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. For the reasons set forth in that Memorandum and Order, IT IS ORDERED that:

  1. Award No. 2 of Public Law Board No. 6846 is hereby enforced.

  2. The LIRR shall comply with Award No. 2 of Public Law Board No. 6846 and shall pay claimants represented by the Brotherhood whose claims were fully and finally resolved by that Award all amounts due to them pursuant to the Award.

  3. LIRR shall pay prejudgment interest at the annual rates of 8% from August 25, 2006 to December 31, 2007, 7% from January 1, 2008 to March 31, 2008, and 6% from April 1, 2008 to the date of this Judgment. The issue of prejudgment interest is a matter of discretion; however, there is a "presumption in favor of prejudgment interest" in labor disputes. *See Maney v. United*

*Sanitation, Inc.*, No. 99-CV-8595 (AGS), 2000 WL 1191235, *6 (S.D.N.Y. Aug. 21, 2000) (quoting *Waterside Ocean Nav. Co. v. Int'l Nav., Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)). LIRR's decision to refuse to comply with the Award, whether taken in good faith or not, does not merit denial of prejudgment interest. *See Lodges 743 & 1746, I.A.M.A.W. v. N.L.R.B.*, 534 F.2d 422, 447 (2d Cir. 1975) ("[A]wards of prejudgment interest are essentially compensatory and wrongdoing by a defendant is not a prerequisite to an award."). Additionally, LIRR shall pay postjudgment interest at the rate of 1.68% as set forth in 28 U.S.C. § 1961, along with costs.

4. The Brotherhood, as the prevailing party, is entitled to reasonable attorneys' fees "to be taxed and collected as a part of the costs of the suit." 45 U.S.C. § 153. The Brotherhood shall file a detailed description of such fees and related expenses as part of its bill of costs within thirty (30) days after the entry of this Judgment, pursuant to Local Civil Rule 54.1.

SO ORDERED.

DATED:   Brooklyn, New York
         July 1, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge