UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BROTHERHOOD OF LOCOMOTIVE :
ENGINEERS & TRAINMEN, a Division of the :
Rail Conference of the International Brotherhood :
of Teamsters, : **SUMMARY ORDER**
: 07 CV 0934 (DLI) (MDG)
                          Petitioner, :
:
    -against- :
:
THE LONG ISLAND RAIL ROAD COMPANY, :
:
                          Respondent. :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On March 24, 2008 the court granted the petition of Brotherhood of Locomotive Engineers and Trainmen (the "Union") to enforce an arbitration award of Public Law Board 6846 ("PLB 6846"), an adjustment board created pursuant to the Railway Labor Act, 45 U.S.C. § 153. (the "RLA"), and denied the motion to dismiss brought by respondent, The Long Island Rail Road Company ("LIRR"). On July 1, 2008, the court ordered the LIRR to pay prejudgment interest at the annual rates of 8% from August 25, 2006 to December 31, 2007, 7% from January 1, 2008 to March 31, 2008, and 6% from April 1, 2008 to the date of the Judgment. On appeal, the Second Circuit Court of Appeals affirmed this court's order in part, and vacated and remanded in part. This Summary Order addresses the Second Circuit's directive that, on remand, the court reconsider its decision in selecting the date from which prejudgment interest should begin to accrue and explain its decision in selecting the prejudgment interest rate. The court assumes the parties' familiarity with the relevant factual background and procedural history of this case.

After carefully reviewing the prior ruling and related submissions, the court finds that it erred in setting August 25, 2006 as the start date from which post-award prejudgment interest was to

1

accrue.  As the Second Circuit noted, PLB 6846's order was entered on August 18, 2006, and provided that LIRR had thirty days to comply.  Therefore, post-award prejudgment interest should have begun to accrue thirty days after PLB 6848's order was entered, *i.e.*, on September 18, 2006.

As to the applicable prejudgment interest rate, the court adopted the rates advocated by plaintiffs in their proposed order of judgment, filed on April 4, 2008, based on its finding that such rates were fair and equitable.  *See Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (holding that "[t]he suitability of that postjudgment rate for an award of prejudgment interest will depend on the circumstances of the individual case"); *O'Quinn v. New York Univ. Med. Ctr.,* 933 F. Supp. 341, 345 (S.D.N.Y. 1996) (decision concerning what rate of prejudgment interest to apply, like the decision to grant interest, is one committed to sound discretion of district court).

These rates are consistent with the short-term federal rates assessed by the Internal Revenue Service ("IRS") on the underpayment of taxes and used by the National Labor Relations Board when computing interest on backpay awards for the period in question.  *See New Horizons for the Retarded*, 283 NLRB 1173 (1987); *Int'l Bhd. of Elec. Works v. Se. Pennsylvania Transp. Auth.*, Civ. A No. 92-4999, 1993 WL 261141 (E.D. Pa. July 2, 1993); *cf. Finkel v. INS Elec. Serv. Inc.*, No. 06-cv-4862 (SLT) (MDG), 2008 WL 941482, at *7 (E.D.N.Y. April 4, 2008) (awarding prejudgment interest at ERISA's default rate, which is the rate charged by the IRS on delinquent taxes and reflects "the considered judgment of Congress regarding the appropriate compensation to plaintiffs for loss of the use of the delinquent contributions"); *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476-77 (2d Cir. 1996) (upholding prejudgment interest award in securities fraud case at the rate the IRS charges on delinquent taxes, recognizing "the circumstances here, where defendants have had the use of the money").

The prejudgment interest rates awarded by the court are also below those awarded by other district courts in the Second Circuit in analogous labor disputes. *See Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 314 (E.D.N.Y. 2009); *New York's Health and Human Serv. Employees Union 1199/SEIU v. Grossman*, No. 02-cv-6031 (SLT) (JMA), 2007 WL 2907386, at *15 (E.D.N.Y. Oct. 30, 2007); *Maney v United Sanitation, Inc.*, No. 99-cv-8595 (AGS), 2000 WL 1191235, at *6 (S.D.N.Y. Aug. 21, 2000); *Abondolo v. Sunshine Fresh, Inc.*, No. 07-cv-696 (DLC), 2007 WL 1888336, at *3 (S.D.N.Y. 2007). Accordingly, the court finds no reason to depart from its original ruling and adheres to the prejudgment interest rates established in its July 1, 2008 Judgment.

SO ORDERED.

DATED:    Brooklyn, New York
          February 2, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge